T.C. Summary Opinion 2003-163

UNITED STATES TAX COURT

ESTATE OF NICHOLAS CHARLES STEVENS, JR., DECEASED,
KIM PATRICIA BRYAN, PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3442-03S.          Filed December 1, 2003.

Kim Patricia Bryan, pro se.

Clare J. Brooks, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in decedent's Federal income tax of $1,324 and an addition to tax under section 6651(a)(1) of $121 for taxable year 2000. After respondent's concession,[1] the issue for decision is whether decedent is taxable on unreported income of $12,154 from wages and interest during the 2000 taxable year.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Nicholas Charles Stevens, Jr. (decedent) died in Baltimore County, Maryland, in October 2001 at the age of 18 years. Decedent's mother, Kim Patricia Bryan (Ms. Bryan), was directed to serve as personal representative of decedent's estate. At the time the petition was filed, Ms. Bryan resided in Baltimore, Maryland.

During the year in issue, decedent received wages of $1,048 from Maryland Car Care, Inc. and $4,719 from Mangione Enterprises of Turf Valley. Also during the year in issue, decedent was credited with interest income of $7,435 from custodial accounts at Farmers and Mechanics National Bank. Such accounts were established pursuant to the Maryland Uniform Transfers to Minors

---

[1] Respondent concedes that decedent is not liable for the addition to tax under sec. 6651(a)(1) of $121.

Act upon the death of decedent's father in 1992. Decedent, a minor, was 17 years old in 2000.

Decedent filed a Form 1040EZ, Income Tax Return for Single and Joint Filers with No Dependents, for the 2000 taxable year (2000 return). Decedent reported wages of $1,048 on his 2000 return. He did not report wages of $4,719 from Mangione Enterprises of Turf Valley. Nor did he report the interest income of $7,435 from custodial accounts.

Respondent issued decedent a notice of deficiency dated December 23, 2002, determining that decedent was taxable on unreported income of $12,154 from wages and interest during the 2000 taxable year.[2] Ms. Bryan contends that a deceased person should not be liable for any tax deficiencies.

Discussion

Decedent having filed his 2000 return after July 22, 1998, section 7491(a) is applicable in the instant case. However, neither party takes a position as to whether the burden of proof has shifted to respondent under section 7491(a). We conclude that resolution of the issue whether decedent is taxable on unreported income of $12,154 does not depend upon who has the burden of proof.

---

[2] Respondent also determined that decedent was liable for the addition to tax under sec. 6651(a)(1). However, as previously indicated, respondent conceded this issue at the time of trial.

Gross income includes compensation for services. Sec. 61(a)(1). In the present case, decedent received wages of $4,719 from Mangione Enterprises of Turf Valley, and he did not report such amount in his 2000 return. Accordingly, we sustain respondent's determination that decedent received unreported income of $4,719 from wages in 2000.

Gross income also includes interest. Sec. 61(a)(4). In the present case, decedent was credited with interest income of $7,435 in 2000 from custodial accounts established pursuant to the Maryland Uniform Transfers to Minors Act (MUTMA). Under the MUTMA, interest income constitutes "custodial property" that generally transfers to a minor when he or she attains the age of either 18 years or 21 years, depending upon who originally transferred such property to the custodian.[3] See Md. Code Ann., Est. & Trusts secs. 13-301(f), 13-320 (2001). While decedent was only 17 in 2000, he enjoyed the economic benefit of interest income from the custodial accounts, and therefore, such interest is taxable in the year earned and not in the year of actual receipt by him.[4] See Anastasio v. Commissioner, 67 T.C. 814,

---

[3] If a minor dies before attaining the requisite age, the custodial property transfers to the minor's estate upon the minor's death. Md. Code Ann., Est. & Trusts sec. 13-320(3) (LEXIS through 2003 Sess.).

[4] A minor who has attained the age of 14 years may seek a court order for delivery and payment of so much of the custodial property for the minor's use and benefit. Md. Code Ann., Est. &
(continued...)

817-818 (1977), affd. 41 AFTR 2d 78-328, 78-1 USTC par. 9153 (2d Cir. 1977).  We sustain respondent's determination that decedent was taxable on unreported interest income of $7,435 from custodial accounts in 2000.

Ms. Bryan nevertheless contends that a deceased person should not be liable for any tax deficiencies.  "Death may be an avenue of escape from many of the woes of life, but it is no escape from taxes."  Estate of Kahr v. Commissioner, 414 F.2d 621, 626 (2d Cir. 1969) (cited by United States v. Critzer, 498 F.2d 1160, 1163 (4th Cir. 1974)), affg. in part and revg. in part 48 T.C. 929 (1967).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> Decision will be entered for respondent with respect to the deficiency and for petitioner with respect to the addition to tax under section 6651(a)(1).

---

[4](...continued)
Trusts sec. 13-314(b) (2001).  In the alternative, a custodian may deliver or pay to the minor, without a court order, so much of the custodial property as the custodian considers advisable for the use and benefit of the minor.  See id. sec. 13-314(a).